JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jerome McIntyre Jr.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia, PA

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James D. Rosen, Esquire
123 S. Broad St., Ste 1200, Philadelphia, PA 19109
(215)864-9440

## DEFENDANTS

United States Customs and Border Protection

and Rik Reynolds and Gerald Nobles

County of Residence of First Listed Defendant: Baltimore County, MD

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C - Section 1331

Brief description of cause:
Motor vehicle

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE: 9/9/2026

SIGNATURE OF ATTORNEY OF RECORD: E/ James D. Rosen, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jerome McIntyre Jr. | : | CIVIL ACTION |
| v. | : | |
| United States Customs and Border Protection and Rik Reynolds and Gerald Nobles | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 9/9/2026 | JAMES D. ROSEN, ESQUIRE | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-864-9440 | 215-864-9617 | CAS@ROSENSCHAFERDIMEO.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Jerome McIntyre Jr., 7325 Ruskin Road, Philadelphia PA 19151

Address of Defendant: United States Customs and Border Protection, 40 South Gay Street, Suite 212, Baltimore Maryland 21202 and Rik Reynolds, 100 North Wycombe Avenue, Lansdowne Pa. 19050 and Gerald Nobles, 1514 South Taylor Street, Philadelphia Pa. 19146

Place of Accident, Incident or Transaction: Interstate 76 in the city of Philadelphia

(*Use Reverse Side For Additional Space*)

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

---

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY*:

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ✔ All other Federal Question Cases
    (Please specify) Federal Tort Claims Act

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) ______

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, James D. Rosen, Esquire, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 9/9/2026 James D. Rosen, Esquire 17564

Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 9/9/26 James D. Rosen, Esquire 17564

Attorney-at-Law Attorney I.D.#

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jerome McIntyre Jr.<br>7325 Ruskin Road<br>Philadelphia Pa. 19151<br>Plaintiff,<br>vs.<br><br>United States Customs and Border Protection<br>40 South Gay Street, Suite 212<br>Baltimore Maryland 21202<br>and<br>Rik Reynolds<br>100 North Wycombe Avenue<br>Lansdowne Pa. 19050<br>and<br>Gerald Nobles<br>1514 South Taylor Street<br>Philadelphia Pa. 19146<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO.:<br><br>**PLAINTIFF'S COMPLAINT** |

1. This is an action brought under and pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C. Sections 2671-2680, to recover damages for personal injuries sustained by plaintiff Jerome McIntyre Jr. arising from a motor vehicle collision that occurred on September 19th, 2024, on Interstate 76 in Philadelphia County, Pennsylvania. This Court has jurisdiction in this matter pursuant to 28 U.S.C.A. § 1331.
2. Plaintiff is an individual residing in the Commonwealth of Pennsylvania at the address set forth above.
3. Defendant Gerald Nobles is an individual residing in the Commonwealth of Pennsylvania at the address set forth above.

4. Defendant Rik Reynolds is an individual residing in the Commonwealth of Pennsylvania at the address set forth above. At all times the relevant defendant was, on information and belief, an employee or agent of the defendant United States Customs and Border Protection, who acted on its business and within the course and scope of his official duties.

5. Defendant United States Customs and Border Protection is an agency of the Federal Government of the United States of America.

6. On September 19th, 2024, plaintiff was a passenger in an automobile operated by defendant Nobles which was traveling in a westerly direction on Interstate 76 in the city of Philadelphia, at or near mile marker 346.0 in the center lane of the three lane highway.

7. At that time, defendant Reynolds was operating a motor vehicle owned by defendant United States Customs and Border Protection in the right lane of Interstate 76. In doing so, defendant Reynolds executed a lane change from the right lane to the center lane without clearance to do so, causing his vehicle to impact the passenger side of defendant Nobles vehicle, and thus causing plaintiff to sustain serious personal injuries which will be described below with particularity..

8. As a direct result of the collision described above, plaintiff sustained serious and permanent personal injuries, including, without limitation, acute cervical, thoracic and lumbar sprains and strains, sprain/strain of the right shoulder, cervical and lumbar radiculopathy, broad based disc herniation at the L4-5 level and the L5-S1 level, intermediate grade interstitial tears in the supraspinatus tendon of the right shoulder, mild subacromial-subdeltoid bursitis, multifocal chondral loss with subchondral cystic changes, joint space reduction and mild marginal osteophytes in the glenohumeral joint, glenohumeral joint effusion,mild acromioclavicular

arthrosis of the right shoulder, post traumatic myofascitis, and a severe nervous shock which injuries may be permanent and thereby impair his future earning capacity. He has suffered pain and inconvenience as a result of his injuries. He has suffered the loss of the pleasures of life. He has been and is apt to be prevented from attending to his duties and occupations. He has incurred and will in the future incur medical expenses as a result of his injuries.

Count I

*Plaintiff v. Defendant United States Customs and Border Protection*

9. Plaintiff incorporates by reference herein the allegations of paragraphs 1-8 above as though fully set forth at length.

10. The motor vehicle collision described above was caused by the negligence of the defendant in some or all of the following particulars:

    a. Vicarious liability for the negligent acts of its agent, defendant Rik Reynolds, which will be described below;

    b. Permitting co-defendant Reynolds to operate its vehicle when defendant knew or in the exercise of reasonable care, should have known that co- defendant Reynolds was not competent to safely operate its vehicles;

    c. Negligent entrustment of its vehicle to defendant Reynolds;

WHEREFORE, plaintiff demands judgment in his favor and against the defendant for joint and several liability in the sum of $275,000.00 together with costs of this action.

Count II

*Plaintiff v. Defendant Reynolds*

11. Plaintiff incorporates by reference herein the allegations of paragraphs 1-10 above as though set

forth at length.

12. The motor vehicle collision described above was caused by defendant in some or all of the following particulars:

a. Making an improper lane change;
b. Failing to make a proper observation for the point and position of co-defendant Nobles' vehicle;
c. Operating his vehicle at a speed too fast for conditions;
d. Violation of the Assured Clear Distance Ahead Rule;
e. Violation of statutes and ordinances

WHEREFORE, plaintiff demands judgment in his favor and against the defendant for joint and several liability in the sum of $275,000.00 together with costs of this action.

Count III
*Plaintiff v. defendant Nobles*

13. Plaintiff incorporates by reference herein the allegations of paragraphs 1-12 above as though set forth at length.

14. The motor vehicle collision described above was caused as a result of the negligence of the defendant in some or all of the following particulars:

a. Failure to make a proper observation of the point and position of the vehicle operated by co-defendant Reynolds
b. Operating his vehicle at a speed too fast for conditions;
c. Failing to have his motor vehicle under proper and adequate control;

WHEREFORE, plaintiff demands judgment in his favor and against the defendant for joint and

several liability in the sum of $275,000.00 together with costs of this action.

**ROSEN, SCHAFER & DIMEO,LLP**

Date: 9/9/26 By: ___________________________________

JAMES D. ROSEN, ESQUIRE
IDENTIFICATION: 17564
123 SOUTH BROAD STREET
STE 1200
PHILADELPHIA, PA 19109
215-864-9440
*jdr@rosenschaferdimeo.com*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jerome McIntyre Jr.<br>7325 Ruskin Road<br>Philadelphia Pa. 19151<br>Plaintiff,<br>vs.<br><br>United States Customs and Border Protection<br>40 South Gay Street, Suite 212<br>Baltimore Maryland 21202<br>and<br>Rik Reynolds<br>100 North Wycombe Avenue<br>Lansdowne Pa. 19050<br>and<br>Gerald Nobles<br>1514 South Taylor Street<br>Philadelphia Pa. 19146<br>Defendants. | NO.:<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff hereby demands trial by jury.

**ROSEN, SCHAFER & DIMEO,LLP**

Date: 9/9/26 By: ___________________________________

JAMES D. ROSEN, ESQUIRE
IDENTIFICATION: 17564
123 SOUTH BROAD STREET
STE 1200
PHILADELPHIA, PA 19109
215-864-9440
*jdr@rosenschaferdimeo.com*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jerome McIntyre Jr.<br>7325 Ruskin Road<br>Philadelphia Pa. 19151<br>Plaintiff,<br>vs.<br><br>United States Customs and Border Protection<br>40 South Gay Street, Suite 212<br>Baltimore Maryland 21202<br>and<br>Rik Reynolds<br>100 North Wycombe Avenue<br>Lansdowne Pa. 19050<br>and<br>Gerald Nobles<br>1514 South Taylor Street<br>Philadelphia Pa. 19146<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO.:<br><br>**CERTIFICATE OF SERVICE** |

I, Frank N. DiMeo, Jr. Esquire, hereby certify that on September 9, 2026, I served the enclosed papers upon the individuals set forth below via regular and certified mail:

United States Customs and Border Protection
40 South Gay Street, Suite 212
Baltimore Maryland 21202
and
Rik Reynolds
100 North Wycombe Avenue
Lansdowne Pa. 19050
and
Gerald Nobles
1514 South Taylor Street
Philadelphia Pa. 19146

**ROSEN, SCHAFER & DIMEO,LLP**

Date: 9/9/26

By: ___________________________________

JAMES D. ROSEN, ESQUIRE
IDENTIFICATION: 17564
123 SOUTH BROAD STREET
STE 1200
PHILADELPHIA, PA 19109
215-864-9440
*jdr@rosenschaferdimeo.com*